# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Anthony D. Landingham
        Plaintiff

vs
                                  Case No. C-1-04-685
                                  (Spiegel, J.)

United States Postal Service, et. al.,
                                  (Hogan, M.J.)
        Defendants

---

## ORDER

---

      Plaintiff filed this action *pro se* on October 4, 2004 alleging violations of his civil rights under 42 U.S.C. 1983. (Doc. 2).  On December 16, 2004, Defendants United States Postal Service, Willie Stephens, Ernie Collins, Michael Smith and Teresea Rinkin, all in their official capacities as employees of the United States Postal Service (hereinafter "Defendants") filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 7).  Thereafter, on June 30, 2005, the Court issued an order directing Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.  (Doc. 9).  To date, Plaintiff has failed to file a response to Defendants' motion nor the Court's order.[1]

      District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's

---

[1] Two attempts at serving the Court's Order were made.  In both instances, mail addressed to Plaintiff's last known address and a forwarding address were returned as undeliverable.  (*See* Doc. 9, Attachments 2, 3).

inherent power.  *See* Fed. R. Civ. P. 41(b).  Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff."  *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980)(quoting *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 (5th Cir. 1978)*; see also Coleman v. American Red* Cross, 23 F.3d 1091, 1095 (6th Cir. 1994).  As the court in *Carter* explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order."  636 F.2d at 161(quoting *J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.,* 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

We find that dismissal is appropriate for failure to prosecute.  District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff."  *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980)(quoting *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 (5th Cir. 1978)*; see also Coleman v. American Red* Cross, 23 F.3d 1091, 1095 (6th Cir. 1994).  As the court in *Carter* explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order."  636 F.2d at 161(quoting *J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.,* 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

Plaintiff's dilatory conduct is abundantly clear from the record.  Plaintiff has failed to make any effort to litigate this case since filing his Complaint.  Plaintiff was ordered to file a response to Defendants' Motion to Dismiss arguing his position as to why his Complaint should not be dismissed.  (*See* Doc. 9).  Plaintiff has failed to respond in any manner.

Moreover, it appears that Plaintiff has neglected to notify the Court of a change in his address.  Failure to notify the Court of any change of address could result in a plaintiff not receiving timely notice of proceedings, which could, in turn, lead to a

plaintiff's failure to appear and ultimately to dismissal of his case.  *See Buck v. U.S. Dep't. of Agriculture, Farmer's Home Administration*, 960 F.2d 603, 608-09 (6th Cir. 1992); *Walker v. Management Systems, Inc.,* 786 F.2d 1167, 1986 WL 16514 at * 1-2 (6th Cir. Feb. 19, 1986).  It is Plaintiff's responsibility to keep the Court apprized of any change in his address.  Plaintiff has failed to file a response to Defendants' Motion to Dismiss.  Likewise, due to his failure to notify the Court of his change in address, service of the Order to Show Cause (Doc. 9) could not be obtained.

## IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to prosecute.

1.      This case be terminated on the Court's Docket.

2.      The Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal from any Order adopting this Report and Recommendation would not be taken in "good faith" for purposes of granting Plaintiff leave to appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:   7/18/2005            s/Timothy S. Hogan
                             Timothy S. Hogan
                             United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7/19/2005.  Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b).  Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections.  (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.  *See* Fed. R. Civ. P. 72(b).

J:\SMITHLE\TSHORDER\Landingham.dis.wpd

4

1:04 cv685 doc.# 10

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br><br>B. Received by ( *Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Anthony D Landingham<br>PO Box 14644<br>Cinti, OH 45250 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7004 0750 0003 9306 0622 |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |