```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

ANTHONY D. LANDINGHAM,          :          NO. C-1-04-685
                                :
    Plaintiff,                  :
                                :
  v.                            :          **ORDER**
                                :
                                :
UNITED STATES POSTAL SERVICE,   :
    et al.,                     :
                                :
    Defendants.                 :


This matter is before the Court on the Magistrate Judge's July 19, 2005, Report and Recommendation (doc. 10), to which there were no objections.

Plaintiff filed this action *pro se* on October 4, 2004 alleging violations of his civil rights under 42 U.S.C. § 1983. (doc. 2).  On December 16, 2004, Defendants United States Postal Service, Willie Stephens, Ernie Collins, Michael Smith, and Teresa Rinkin, all in their official capacities as employees of the United States Postal Service (hereinafter "Defendants") filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)  (doc. 7).  Thereafter, on June 30, 2005, the Court issued an order directing Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction (doc. 9). To date, Plaintiff has failed to file a response to Defendants' motion or file a response to the Court's order (doc 10).  Two

separate attempts were made to serve the Court's Order and in both instances, mail addressed to Plaintiff's last known address and a forwarding address were returned as undeliverable (Id.).

In the Report and Recommendation, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed with prejudice for failure to prosecute and that this case be terminated from the Court's Docket (doc. 10).  The Magistrate Judge determined that Plaintiff failed to file a response to Defendants' Motion to Dismiss and Plaintiff failed to keep the Court apprised of any change in address (Id.).

The Magistrate Judge found that Plaintiff's dilatory conduct is abundantly clear from the record (Id.).  Plaintiff has failed to make any effort to litigate this case since filing his Complaint (Id.).  Plaintiff has not filed a response to Defendant's Motion to dismiss (Id.).  In addition, Plaintiff disregarded an order to respond to Defendants' Motion to Dismiss by failing to argue his position regarding why his Complaint should not be dismissed (Id.).  Plaintiff has failed to respond in any manner (Id.).

The Magistrate Judge further found that it appears that Plaintiff has neglected to notify the Court of a change in his address (Id.).  It is Plaintiff's responsibility to keep the Court apprised of any change in his address (Id.).  Due to Plaintiff's failure to notify the Court of his change in address, service of

2

the Order to Show Cause could not be obtained. (Id.).

The Magistrate Judge noted that district courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. See Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980)(quoting Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 385 (5th Cir. 1978); see also Coleman v. American Red Cross, 23 F.3d 1091, 1095 (6th Cir. 1994). "The key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order." Carter, 636 F.2d at 161 (quoting J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp., 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)). Having reviewed these authorities, the Magistrate Judge concluded that Plaintiff's Complaint should be dismissed for failure to prosecute due to Plaintiff's failure to respond to Defendant's Motion to Dismiss and his failure to keep the Court apprised of any address changes (Id.).

3

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-reasoned, and correct. Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (doc. 10), AFFIRMS the Magistrate Judge's recommended decision (Id.), and DISMISSES WITH PREJUDICE this case from the Court's Docket.  Further, this Court CERTIFIES pursuant to 28 U.S.C. § 1915(a) that an appeal from this Order adopting the Magistrate Judge's Report and Recommendation would not be taken in "good faith" for purposes of granting Plaintiff leave to appeal in forma pauperis.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.


Dated: September 20, 2005     /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge